UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.          **MEMORANDUM OF LAW & ORDER**
        Criminal File No. 07-102 (MJD/JJG)
        Civil File No. 12-2107 (MJD)

(1) LAFAYETTE DEANDRE VAN,

    Defendant.

Richard Newberry, Assistant United States Attorney, Counsel for Plaintiff.

Lafayette Deandre Van, pro se.

## I. INTRODUCTION

This matter is before the Court on Petitioner Lafayette Deandre Van's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 86]

## II. BACKGROUND

On March 27, 2007, Petitioner Lafayette Deandre Van was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [Docket No. 1] A jury trial began on August 13, 2007. [Docket No. 53]

1

On August 15, 2007, the jury found Petitioner guilty of that crime. [Docket No. 59]

A sentencing hearing was held on December 4, 2007. Based on the application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a 15-year mandatory minimum sentence applied, and the advisory guidelines range was 235-293 months. The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

Petitioner objected that the three felony drug convictions listed in paragraph 34 of the revised Presentence Investigation Report ("PSI") should be considered as one offense for purposes of the ACCA. The Court held that each of the three 2003 drug convictions noted in paragraph 34 of the PSI were separate offenses and also that Van also had a fourth qualifying predicate offense, a 1999 simple robbery conviction noted in paragraph 26 of the PSI. The Court sentenced Petitioner to 213 months and 19 days in prison. [Docket Nos. 70-71]

Van appealed both his conviction and his sentence to the Eighth Circuit Court of Appeals. He argued that the evidence was insufficient to support his conviction and that his three prior drug convictions should not have been treated as separate offenses. The Eighth Circuit affirmed the judgment of the district court. United States v. Van, 543 F.3d 963 (8th Cir. 2008). With regard to the predicate ACCA offenses, the Eighth Circuit noted that "Van concede[d] that his robbery conviction was a predicate violent felony offense under the ACCA," held that the convictions for crack sales on August 15 and August 22, 2002, were two separate offenses, and held that it did not need to consider whether the two sales on August 22 were one or two offenses. Id. at 966.

In 2010, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the Eastern District of Kentucky, the District in which he was in custody. He alleged that there was insufficient evidence to support his conviction; that the ACCA should not have been applied; and that his sentence violated the Due Process Clause. See Van v. Wilson, Civil No. 10-210-GFVT, 2011 WL 2550537, at *1 (E.D. Ky. June 23, 2011). The court dismissed his petition with prejudice because Van should have filed a petition under § 2255 in the court where he was convicted and sentenced. Although the

one-year statute of limitations for filing a § 2255 petition had passed, the court held that Van could not show that his § 2255 remedy was inadequate. Moreover, Van failed to show actual innocence or that a retroactively applicable Supreme Court decision afforded him relief. Id. at *3.

On August 27, 2012, Van filed the current pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

## III. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

4

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

"Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). An exception exists "only when petitioners have produced convincing new evidence of actual innocence." Id. This exception is "rare, and available only in the extraordinary case." Id. (citations omitted).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

    **B.**    **Petitioner's Stated Grounds for Relief**

Petitioner asserts that the ACCA was improperly applied because he did not have three qualifying predicate offenses. He claims that newly discovered evidence shows that he was never charged with or convicted of simple robbery.

Petitioner further argues that, if the Court eliminates the simple robbery conviction as a predicate offense, then United States v. Willoughby, 653 F.3d 738 (8th Cir. 2011), demonstrates that two of his three his drug convictions were one offense for the purposes of the ACCA. Thus, there are only two predicate offenses for the ACCA.

**C.     Timing**

A one-year statute of limitations applies to petitions under § 2255:

The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

None of the four available grounds apply to permit Petitioner's current habeas petition.

### 1. Date on Which the Judgment of Conviction Became Final

The judgment of Eighth Circuit Court of Appeals on Petitioner's direct appeal was filed on October 3, 2008. Van had 90 days, or until January 2, 2009, to file a petition for certiorari with the Supreme Court, but he did not do so. Thus, Petitioner's judgment of conviction became final on January 2, 2009. He did not file the current § 2255 until more than one year after that date.

### 2. Date on Which a Government Impediment Was Removed

Petitioner does not allege any government impediment to his filing his § 2255 petition, so the second test does not apply.

### 3. Date on Which a Right Was Newly Recognized by the Supreme Court and Made Retroactively Applicable to Cases on Collateral Review

Petitioner does not point to any Supreme Court decision newly recognizing a right applicable to this case and made retroactively applicable to cases on collateral review.

### 4. Date on Which the Facts Supporting the Claims Presented Could Have Been Discovered Through the Exercise of Due Diligence

Van argues that he has been challenging his state conviction for simple robbery since January 2008 but was unable to obtain the necessary information from the Ramsey County Clerk until July 25, 2012. On that date, he received a letter stating: "In a search of our records for the above case number [62-K8-99-3012], I have found that this was an Assault 2 case that was dismissed on 11-24-1999. I found no case under your name for a Simple Robbery charge." [Docket No. 87-1] Van concludes that he is actually innocent of the simple robbery charge.

The Government argues that the June 2012 letter does not mean that the conviction does not exist. It points out that the PSI recounted the details of the simple robbery conviction in paragraph 26, noting that he was represented by counsel, convicted of simple robbery, and sentenced to 49 days in jail and 10 years on probation. The PSI notes that the Government provided the Probation Officer with a copy of the plea transcript for the simple robbery conviction, demonstrating that he was represented by counsel and pled guilty to that charge.

Originally, defense counsel filed a sentencing memorandum challenging the simple robbery conviction as a predicate offense on the grounds that

8

Petitioner appeared pro se.  [Docket No. 65]  In that memorandum, defense counsel notes that Petitioner received a ten-year term of probation and 49 days in jail.  Then, his probation was revoked and he served a 23-month term of imprisonment.  Subsequently, defense counsel filed a supplemental sentencing memorandum, explaining that the Ramsey County Clerk was unable to obtain a copy of the plea transcript in the simple robbery case because the case number had changed.  [Docket No. 66]  However, defense counsel had obtained a copy of the plea transcript through the U.S. Attorney's Office and the Ramsey County prosecutor, which demonstrated that Petitioner did plead guilty to simple robbery and was represented by counsel on that charge.  [Docket No. 66]  During the sentencing hearing, Defendant withdrew any objection to the simple robbery conviction.

The Court notes that the Ramsey County docket sheet now submitted by Petitioner explicitly states that on November 24, 1999, Van pled guilty to simple robbery ("PG SIMPLE ROBBERY SEE FILE KX993741 FOR PLEA").  [Docket No. 87-1]  That notation further notes that, during this same hearing, the second degree assault charge was dismissed.  Therefore, Petitioner's own submissions contradict his claim that the simple robbery conviction never existed.

Additionally, in Petitioner's habeas petition, he represents that he spoke with his attorney about the validity of the simple robbery conviction during the sentencing process and counsel told him that the conviction was valid and documented. (See [Docket No. 86] at 7, 11.) Petitioner was well aware of his simple robbery conviction and its inclusion as a predicate offense for application of the ACCA before sentencing in this case. Thus, if any issues had existed with regard to the existence of that conviction, Van provides no reason why the facts supporting his claim regarding that conviction could not have been discovered at the time of his sentencing through the exercise of due diligence.

### 5. Petitioner's Habeas Petition Is Untimely

Because Van filed his § 2255 Petition more than one year after the latest of the four dates listed in § 2255(f), the petition is untimely and must be dismissed.

### D. Certification of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the

merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Petitioner Lafayette Deandre Van's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 86] is **DENIED**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 19, 2013                    s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court